## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN

_____

In Re:                                              Case No. 14-04719

     LAMAR CONSTRUCTION COMPANY,          Chapter 7

         Debtor.                              Case Filed: 7/11/2014
                                                    Hon. James W. Boyd

_____

KYLE CHISM and STEVEN DAVIS, on behalf
of himself and all others similarly situated,

         Plaintiffs,                          Adversary Proceeding
-vs-                                                Case No. 14-80170

LAMAR CONSTRUCTION COMPANY,

         Defendant.

_____

### TRUSTEE'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT

Marcia R. Meoli, the Chapter 7 Trustee in the above-captioned bankruptcy case ("**Trustee**"), by her attorneys, Rhoades McKee PC, per Fed. R. Bankr. P. 7015, in her amended answer to the First Amended Complaint of the Plaintiffs, states:

### NATURE OF THE ACTION

1.      On or about July 9, 2014, and within thirty (30) days of that date, Defendant terminated without notice the employment of its approximately 300 or so full-time employees.

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with respect to the date of notice of termination and, therefore, leaves the Plaintiffs to their proofs.**

2.      Plaintiffs Kyle Chism and Steven Davis were employees of Lamar until their termination on or about July 9, 2014.

**ANSWER:    It is admitted that the Plaintiffs were employees of Lamar.  However, the Trustee lacks sufficient knowledge, information or a belief with respect to the date of the termination of their employees.**

3.      The Plaintiffs bring this action on behalf of themselves, and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, plant closings ordered by Defendant and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations in paragraph 3 and, therefore, leaves the Plaintiffs to their proofs.**

4.      Plaintiffs and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the federal WARN Act.

**ANSWER:    Admitted.**

<u>**JURISDICTION AND VENUE**</u>

5.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 334 and 1367 and 29 U.S.C. § 2104(a)(5).

**ANSWER:      Admitted.**

6.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

**ANSWER:      Admitted and pursuant to LBR 7008, the Trustee consents to entry of a Final Order or Judgment by this Court.**

7.      Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

**ANSWER:    Admitted.**

<u>**THE PARTIES**</u>

<u>**PLAINTIFFS**</u>

8.      Plaintiff Kyle Chism was an employee of Lamar and worked at the Defendant's facility located at 4025 St Cloud Drive, Loveland, Colorado (the "Colorado Facility") until his termination on or about July 9, 2014.  Defendant terminated all of its approximately 100 employees on or about July 9-10, 2014.

**ANSWER:    It is admitted that Kyle Chism was an employee of Lamar.  The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the remaining allegations of paragraph 8 of the Plaintiffs' Complaint.**

9.      Plaintiff  Steven Davis was an employee of Lamar and worked at the Defendant's facility located at 4404 Central Parkway, Hudsonville, Michigan (the "Michigan Facility") until his termination on or about July 9, 2014.  Defendant terminated all of its approximately 180 Michigan Facility employees on or about July 9-10, 2014.

**ANSWER:    It is admitted that Steven Davis was an employee of Lamar.  The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the remaining allegations of paragraph 9 of the Plaintiffs' Complaint.**

<u>**DEFENDANTS**</u>

10.      Defendant Lamar is a Delaware corporation with its principal place of business located at 4404 Central Parkway, Hudsonville, Michigan (the "Michigan Facility") and conducted business in this district.

**ANSWER:    It is denied that Lamar is a Delaware corporation.  However, it is admitted**

that Lamar has its principal place of business at 4404 Central Parkway, Hudsonville, Michigan, and conducted business in this district.

11.     Defendant maintained and operated its corporate headquarters located at 4404 Central Parkway, Hudsonville, Michigan, and operated additional facilities as that term is defined by the WARN Act in Loveland, Colorado and Winchester, Kentucky (the "Facilities").

**ANSWER:      Admitted.**

12.     Until on or about July 9-10, 2014, the Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to one of Defendant's Facilities.

**ANSWER:      Admitted.**

13.     On July 11, 2014 the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

**ANSWER:      Admitted.**

14.     Upon information and belief, the Defendant made the decision to terminate the employment of the Plaintiffs and the other similarly situated former employees and file for bankruptcy.

**ANSWER:      The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 14 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

## FEDERAL WARN ACT CLASS ALLEGATIONS

15.     Plaintiff brings his Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at or reported to one of

Defendant's Facilities and were terminated without cause on or about July 9, 2014, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about July 9, 2014, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

**ANSWER:   It is admitted that the Plaintiffs bring their claim for relief for violation of 29 U.S.C. §2101 *et. seq.* on behalf of themselves and on behalf of other similarly situated former employees.  The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the remaining allegations of paragraph 15 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

16.    The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

**ANSWER:   The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 16 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

17.    Upon information and belief, Defendant employed approximately 300 employees among its three Facilities.

**ANSWER:   Admitted on information and belief.**

18.    On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

**ANSWER:    Admitted on information and belief.**

19.    On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

**ANSWER:    Admitted on information and belief.**

20.    Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a)    whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

(b)    whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c)    whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

**ANSWER:    Admitted.**

21.    The Plaintiffs' claims are typical of those of the WARN Class.   The Plaintiffs, like other WARN Class members, worked at or reported to one of Defendant's Facilities and were terminated without cause beginning on or about July 9, 2014, due to the mass layoffs and/or plant closings ordered by Defendant.

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 21 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

22.    The Plaintiffs will fairly and adequately protect the interests of the WARN Class.

The Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 22 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

23.    Beginning on or about July 9, 2014, Defendant terminated the Plaintiffs' employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. §2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act.

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 23 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

24.    Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 24 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

25.    Concentrating all the potential litigation concerning the WARN Act rights

of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 25 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

26.    The Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Fed. R. Bankr. P. Rule 7023.

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 26 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

<u>BASIS FOR CLAIMS FOR RELIEF</u>

27.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER:  The Trustee incorporates by reference her responses to paragraphs 1 through 26 of the Plaintiffs' Complaint.**

28.    At all relevant times, Defendant employed more than 280 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 28 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

29.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

**ANSWER:    Admitted on information and belief.**

30.     Beginning on or about July 9, 2014, Defendant ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. §210l(a)(2).

**ANSWER:    Admitted.**

31.     The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

**ANSWER:    Admitted.**

32.     The Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 32 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

33.     The Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 33 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

34.    Defendant was required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

**ANSWER:    Admitted on information and belief.**

35.    Defendant failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 35 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

36.    The Plaintiffs and each of the Class Members, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

**ANSWER:    The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 36 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

37.    Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

**ANSWER:    Admitted on information and belief.**

38.    The relief sought in this proceeding is equitable in nature.

**ANSWER:     The Trustee lacks sufficient knowledge, information or a belief with which to admit or deny the allegations contained in paragraph 38 of the Plaintiffs' Complaint and, therefore, leaves the Plaintiffs to their proofs.**

**AFFIRMATIVE DEFENSES**

1.      On information and belief, the Debtor was engaged in seeking capital or business which would have enabled it to avoid or postpone the termination of its business operations and in good faith believed that giving the WARN Act notice would have impaired it from achieving those results.

2.      The termination of the Debtor's business may have been caused by business circumstances that were not reasonably foreseeable as of the time the notice would have been required.

3.      This adversary proceeding is seeking the allowance of claims against the bankruptcy estate.  As such, this matter should proceed in accordance with the claims allowance procedure provided for by the Bankruptcy Code, by filing a class proof of claim.  *Reid v. White Motor Corp.* 866 F2d 1462 (6th Cir., 1989); *In re Commonpoint Mortgage Company* 283 B.R. 469 (Bkrtcy. W.D. Mich, 2002).

4.      The Trustee reserves the right to assert additional affirmative defenses prior to the trial of this action.

WHEREFORE, the Trustee requests that this Court enter a judgment of no cause of action with respect to the Plaintiffs' Complaint.

**RHOADES MCKEE PC**
Attorneys for Marcia R. Meoli, *Trustee*

Dated:  August 19, 2014            By:___*/s/ Harold E. Nelson*_____
                                          Harold E. Nelson  (P-27974)
                                   Business Address:
                                          55 Campau Avenue, N.W., Suite 300
                                          Grand Rapids, MI  49503
                                          (616) 235-3500